UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| RICHARD DEAN ZINDLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-770 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| DAWN ROGERS, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action brought by a *pro se* plaintiff pursuant to this court's diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff, a resident of the State of California, seeks an award of $75,200.00 in damages plus other relief against three defendants, each of whom is identified as a Michigan resident: Dawn Rogers (Friend of the Court for Grand Traverse County); Cynthia Conlon (a referee for the Family Division of the Grand Traverse County Circuit Court); and Sgt. Jeff O'Brien (an officer of the Traverse City Police Department). Plaintiff's *pro se* complaint identifies his claims as arising in tort. Plaintiff's claims against Rogers stem from her filing of a report to the Circuit Court in custody proceedings involving plaintiff's minor child. The claims against Conlon involve her actions in adjudicating a request by plaintiff's ex-wife for a personal protection order. Plaintiff's claims against Sgt. O'Brien arise from an allegedly false arrest that occurred in Traverse City, Michigan, on October 22, 2010, when plaintiff was charged with disorderly conduct involving his behavior in and around the courthouse, where he was present for custody proceedings. Plaintiff's

*pro se* complaint does not allege any federal claims and specifically invokes only the court's diversity jurisdiction.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010)(quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 129 S. Ct. at 1949, 1950). Applying these standards, I conclude that plaintiff's claims are either barred by immunity or fail to allege grounds for relief.

**Plaintiff's Allegations**

Plaintiff's claims are set forth in a *pro se* complaint and attachments. Mr. Zindler has numbered the pages of his complaint and attachments sequentially, as pages 1 through 69. The references to page numbers in this report and recommendation follow plaintiff's pagination. Although plaintiff's allegations of fact are not always easy to follow, the police and court records attached to his complaint shed light on the sequence of events. Plaintiff's allegations, accepted as true for purposes of this report and recommendation, disclose the following.

Laura Danielle Zindler and Richard Zindler were a married couple residing in Grand Traverse County, Michigan. The Zindlers have a minor child, whose initials are E.P.Z., born in 2005. The couple decided that they would move back to California. Mr. Zindler went first, for the purposes of finding work, and his wife and child were to follow. After Mr. Zindler went to California and found work, his wife refused to follow him and instead filed for divorce. (Compl., ¶ 1). According to the docket of the Grand Traverse County Family Court, Mrs. Zindler filed for divorce on October 7, 2008, and was granted temporary custody on an *ex parte* basis. (Attachments, p. 19). Mr. Zindler defaulted, and a judgment of divorce was entered by default on April 13, 2009. (*Id.*, p. 20). The question of Mr. Zindler's parenting time with E.P.Z. was reserved in the judgment, so that the Friend of the Court could interview Mr. Zindler and make a recommendation to the court.

Mr. Zindler ultimately contacted the Friend of the Court on September 30, 2009. Three days later, he provided the Friend of the Court with documents from the Social Security Administration showing that he is disabled "due to severe impairments: schizoaffective disorder and affective disorder." (Attachments, p. 22). Mr. Zindler did not appear for his scheduled meeting with the Friend of the Court on October 15, 2009, to review the custody situation. Defendant Rogers, the

Friend of the Court, issued a report and recommendation (Attachments, p. 22) recommending that Mr. Zindler be given supervised parenting time whenever he is visiting the Traverse City area. In making this recommendation, Rogers asserted in the report and recommendation that Mr. Zindler had not had contact with his daughter for the previous two-year period. (*Id.*). Plaintiff's complaint alleges that this statement was knowingly false. (Compl., ¶ 5). Judge Thomas Power of the Family Division accepted the report and recommendation by order entered October 16, 2009 (Attachments, p. 21).

On April 8, 2010, the former Mrs. Zindler filed a petition for a personal protection order against Mr. Zindler, alleging concern for the safety of E.P.Z. during Mr. Zindler's visitation. (Attachments, pp. 32-34). The court denied an *ex parte* protection order and referred the matter to defendant Cynthia Conlon, a circuit court referee. (Attachments, p. 29). Plaintiff alleges (Compl., ¶ 8(a)) that Conlon made false findings in connection with the issuance of a personal protection order against him. He further alleges that Conlon's decision amounted to "capricious adjudication with intent to conceal and defraud." (Compl. at pp. 13-14).

The tort claims against Sgt. O'Brien arise from an incident that occurred in Traverse City on October 22, 2010, which culminated in plaintiff's arrest for disorderly conduct. The events of that day are chronicled in a number of police reports and witness statements. (Attachments, pp. 39-49). Plaintiff of course takes issue with regard to the statements made in the police report, but there is no need for present purposes to resolve these factual disputes. Suffice it to say that plaintiff was present in the circuit court administration office seeking relief with regard to a child custody situation. Employees became alarmed and called security, alleging that plaintiff was acting bizarrely and had hostile intent. Plaintiff relates a different version of the story. (Compl., ¶¶ 9-10). Plaintiff

does allege, however, that Sgt. O'Brien arrested him at the end of the incident. The arrest is confirmed by the police report, in which Sgt. O'Brien indicates that plaintiff was arrested on the charge of being a disorderly person. (Attachments, pp. 44-45). The district court docket sheet provided by plaintiff shows that he was arraigned the same day and released on bond, on condition that he not enter the courthouse except for purposes of the pending criminal case. (Docket Sheet, Attachments, p. 38; Minute Sheet, Attachments, p. 55). The docket sheet shows that plaintiff was tried before a jury on January 18, 2011, with the assistance of counsel, and that the jury returned a verdict of guilty. (Attachments, p. 38).

Plaintiff alleges that Sgt. O'Brien is guilty of false arrest resulting from the events of October 22, 2010. (Compl., p. 13). He further alleges that O'Brien deprived him of his social security benefits by sending the Social Security Administration a paper saying that plaintiff was in jail, which led Social Security to stop payment of his disability benefits. (Compl., ¶ 10(c)).

On the basis of the foregoing factual allegations, plaintiff seeks an award of $75,200.00 against the named defendants. He also seeks to place the whole domestic relations case under federal control and to have this court conduct all future proceedings that would have taken place in the Grand Traverse County Circuit Court. (Compl., pp. 13-14).

**Discussion**

    **1.**    **Defendants Rogers and Conlon**

Plaintiff seeks to hold Dawn Rogers, the Friend of the Court, and Cynthia Conlon, a Circuit Court referee, responsible for alleged false statements and inaccurate findings that these defendants made in their submissions to the Circuit Court, Family Division, in connection with court

proceedings. Plaintiff characterizes his claims against Rogers and Conlon as arising in tort: defendant Rogers is accused of making false statements with intent to defraud, and engaging in perjury and conspiracy, while Conlon is alleged to have made false writings in her findings, "subordination" [sic] to perjury, and "capricious adjudication with intent to conceal and defraud." (Compl. at pp. 13-14). These state-law claims are clearly barred by the doctrine of immunity.

By virtue of Michigan statutory law, state judges are entitled to absolute judicial immunity for tort liability for injuries to person or property, if the judge is acting within the scope of his or her judicial authority. MICH. COMP. LAWS § 691.1407(5). Michigan common law extends this immunity to other actors who serve in a quasi-judicial capacity and whose functions are intimately related to the court's adjudicative function. The Michigan Friend of the Court, whose duties include conducting investigations and making recommendations to the court concerning child custody, is among the officers entitled to absolute, quasi-judicial immunity for statements made to the court in this connection. *See Donkers v. Calandro*, No. 268403, 2006 WL 2683392, at * 4 (Mich. Ct. App. Sept. 19, 2006) ("As the FOC's duties are quasi-adjudicative, absolute immunity would apply to FOC employees."); *accord Beauford v. Lewis*, 711 N.W.2d 783, 785-86 (Mich. Ct. App. 2005) (social workers absolutely immune from civil litigation arising from their work as "advisors and agents" of the Family Division regarding child placement); *Tidik v. Ritsema*, 938 F. Supp. 416, 422-23 (E.D. Mich. 1996) (applying Michigan law). The conduct of Dawn Rogers upon which plaintiff bases his tort claims is clearly adjudicative in nature. Plaintiff alleges that Rogers made knowingly false statements in a report and recommendation (Attachments, p. 22) concerning plaintiff's lack of contact with his minor child. A finding of fact made in a report and

recommendation to the circuit judge is quintessentially adjudicative in nature and any claim would be barred by quasi-judicial immunity.

Defendant Conlon is accused of making false findings and abusing her power as a referee in the Family Court. The powers of domestic relations referees are assigned by statute, MICH. COMP. LAWS § 552.507, and by court rule, MICH. CT. R. 3.215. A referee's authority in domestic relations matters is created by order of reference from the chief judge and includes a wide variety of judicial duties, including conducting hearings on motions and filing statements of findings and recommended orders for review by the circuit judge. MICH. COMP. LAWS § 552.507(2). In some circumstances, a referee's order takes immediate effect, pending a judicial hearing. MICH. CT. R. 3.215(G). Referees, who must be licensed attorneys, clearly act in a judicial capacity, in exercising the jurisdiction delegated to them by the circuit judge. They are entitled to immunity from suit for damages. *See Johnson v. Turner*, 125 F.3d 324, 333-34 (6th Cir. 1997); *cf. Jones v. Sherman*, 625 N.W.2d 391, 392 (Mich. Ct. App. 2000) (hearing referees entitled to immunity). The allegations against Referee Conlon fall squarely within the scope of her judicial duties, in that plaintiff challenges the accuracy and integrity of her findings in connection with the issuance of a personal protection order. All tort claims against defendant Conlon are barred by the doctrine of immunity.[1]

---

[1] As noted above, plaintiff does not appear to bring any federal claims against defendants. If plaintiff were alleging federal civil rights violations, the result would be the same. Officers of the Friend of the Court, social workers, and others who report to the court on domestic relations matters are clearly entitled to quasi-judicial immunity in federal civil rights actions challenging the truth or good faith of their reports. *See, e.g., Johnson v. Turner*, 125 F.3d 324, 334-35 (6th Cir. 1997); *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984); *Littleton v. Fisher*, 530 F.3d 691 (6th Cir. 1976).

Under 28 U.S.C. § 1915(e)(2), the court must dismiss claims against clearly immune defendants. As Rogers and Conlon are entitled to the protection of quasi-judicial immunity, all claims against them must be dismissed.

### 2. Sgt. Jeff O'Brien

Plaintiff's principal claim against Officer O'Brien is for false arrest, arising from O'Brien's arrest of plaintiff on October 22, 2010, for disorderly conduct. To state a claim for false arrest, a plaintiff must plead and prove that the arrest was effected without probable cause. *See Brewer v. Perrin*, 349 N.W.2d 198, 201 (Mich. Ct. App. 1984). Plaintiff's false arrest claim, however, is defeated by plaintiff's own allegations and the attachments to his complaint, which show that plaintiff was convicted of this offense after a jury trial. Michigan adheres to the common-law rule that precludes a plaintiff from recovering on a claim for false arrest, false imprisonment, or malicious prosecution when plaintiff has been convicted of the offense. *See White v. Tamlyn*, 961 F. Supp. 1047, 1055 (E.D. Mich. 1997) (applying Michigan law). In short, the law precludes a plaintiff from asserting that his arrest was made without probable cause when a jury has found him guilty beyond a reasonable doubt, a much higher standard of proof. The conviction is "conclusive proof" of the existence of probable cause. *See Nawrocki v. Eberhard Foods, Inc.*, 180 N.W.2d 849, 852 (Mich. Ct. App. 1970).

Plaintiff's other claim against O'Brien is that O'Brien wrongfully interfered with plaintiff's receipt of social security disability benefits by sending a "paper" to the Social Security Administration informing it that plaintiff was in jail. Accepting for present purposes that O'Brien indeed sent such a notification to the Social Security Administration, I find that it is not actionable,

as a matter of law. The Social Security Act provides that any person otherwise qualified to receive benefits is not entitled to receive them during any period in which the person "is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense." 42 U.S.C. § 402(x)(1)(A)(i). Therefore, O'Brien's notification to the Social Security Administration did not deprive plaintiff of anything to which he was legally entitled.

### 3. Interference in State-Court Custody Proceeding

Finally, this court is prohibited from accepting plaintiff's invitation to accept jurisdiction over future custody proceedings involving plaintiff and his daughter. The federal courts have consistently recognized that the "whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex Parte Burrus*, 136 U.S. 586, 593-94 (1890). Consequently, direct regulation of domestic relations is the virtually exclusive province of the state courts. *See Sosne v. Iowa*, 419 U.S. 393, 404 (1992). The federal courts have therefore fashioned a "domestic relations exception" to the diversity jurisdiction of the federal courts, in view of the long-held understanding that the federal courts have no role in the direct administration of domestic relations law. *See Ankenbrandt v. Richards*, 504 U.S. 689 (1992). This doctrine "divests the federal courts of power to issue divorce, alimony, or child custody decrees." *See McLaughlin v. Contner*, 193 F.3d 410, 412 (6th Cir. 1999).

On similar grounds, plaintiff cannot seek a tort remedy from the individual defendants for the consequences of the criminal judgment, personal protection order, and child custody decrees entered by the state courts. Under the *Rooker-Feldman* doctrine, a party who lost in state court may not complain about the injuries caused by state-court judgments in a subsequent federal lawsuit.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). When the "source of the injury the plaintiff alleges in the federal complaint" is the state-court judgment itself, then the *Rooker-Feldman* doctrine bars the federal lawsuit. *See McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). Consequently, to the extent that plaintiff is complaining about the unfairness of the process afforded to him in the state courts in the lawsuits leading up to plaintiff's loss of custody rights or to the criminal judgment or personal protection orders, those claims are barred by the *Rooker-Feldman* doctrine. *See Marshall v. Bowles*, 92 F. App'x 283, 284 (6th Cir. 2004).

### Recommended Disposition

After performing the screening required by 28 U.S.C. § 1915(e)(2), I conclude that plaintiff's complaint must be dismissed. Plaintiff's claims against defendants Rogers and Conlon are clearly barred by the doctrine of quasi-judicial immunity. His claim for false arrest against Sgt. O'Brien is defeated by plaintiff's subsequent conviction, which conclusively establishes that O'Brien's decision to arrest him was supported by probable cause. Finally, this court has no authority to assume jurisdiction over the state-court child custody proceedings involving plaintiff and his daughter, nor does the court have authority to grant plaintiff relief for any injury that previous state-court judgments may have caused him. I therefore recommend that the complaint be dismissed in its entirety.

Dated:   August 23, 2011              /s/  Joseph G. Scoville
                                      United States Magistrate Judge

**NOTICE TO PARTIES**

        Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).